MOSES C. MYERS v. BERNARD KAICHEN.

*Libel and slander—Reply to newspaper communication.*

A communication to a newspaper, called out as an answer to a libelous article published against the party sending it, and not going beyond what was fairly to be expected of a man who might very well have been exasperated, instead of being good-naturedly contemptuous, will not support an action for libel.

Error to Alpena. (Kelley, J.) Argued June 5, 1889. Decided June 14, 1889.

Case for libel. Plaintiff brings error. Affirmed. The facts are sufficiently stated in the opinion.

*Turnbull & Dafoe*, for appellant.

*Shields & McNamara*, for defendant.

CAMPBELL, J. Plaintiff sued defendant in an action of libel for an article which purported to be and was in fact called out as an answer to a libelous article published by plaintiff against defendant, and which contained reflections on defendant's motives, of an offensive character. The only language in defendant's article which used any word which is ever actionable in itself charged plaintiff with forging a rabbi's name to a published article. But as it appeared

in the article itself that this merely referred to a newspaper communication, which, as it appeared, was a mere courteous disclaimer of a desire to receive a public benefit, this was not an offensive charge as made. And beyond this defendant's answer was nothing more than his own explanation and denial of the facts alleged by plaintiff, made in terms much less, offensive than plaintiff's article, and much better natured. It was invited by what plaintiff said, and did not go beyond what was fairly to be expected of a man who might very well have been exasperated, instead of being good-naturedly contemptuous. It cannot be said that defendant went further in his comments than under the circumstances might be expected. The court below rightly held that no cause of action was made out.

We have purposely avoided quotation, because we do not think the reports of this Court should be made a medium for circulating small scandal that ought not to interest the public.

The judgment must be affirmed, with costs.

The other Justices concurred.